

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

970 Broad Street, Suite 700     973/645-2700
Newark, NJ 07102

Michael H. Robertson/PL AGR

December 18, 2012

Kathleen M. Theurer, Esq.
253 Academy Street, Suite 3
Jersey City, New Jersey 07306

      Re:  **Plea Agreement with Mark Manasse, a/k/a "M-Ease"**

Dear Ms. Theurer:

      This letter sets forth the plea agreement between your client, Mark Manasse, and the United States Attorney for the District of New Jersey ("this Office").

Charge
---

      Conditioned on the understandings specified below, this Office will accept a guilty plea from Mark Manasse to count one of Superseding Indictment 11-cr-768 (JLL), which charges that from in or about February 2010 though on or about April 19, 2011, in Essex County, in the District of New Jersey and elsewhere, the defendant did knowingly and intentionally conspire and agree with others to distribute and possess with intent to distribute 280 grams or more of a mixture and substance containing cocaine base, that is, crack cocaine, a Schedule II controlled substance, contrary to Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A), in violation of Title 21, United States Code, Section 846.  If Mark Manasse enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Mark Manasse for the conspiracy to distribute cocaine base from in or about February 2010 though on or about April 19, 2011.  In addition, if Mark Manasse fully complies with all of the terms of this agreement, at the time of sentencing in this matter, this Office will move to dismiss counts two through nine of Superseding Indictment 11-cr-768 against Mark Manasse.  This agreement does not bar the use of such conduct as a predicate act or as the basis for a sentencing

enhancement in a subsequent prosecution including, but not limited to, a prosecution pursuant to Title 18, United States Code Sections 1961 et seq. and 924(c). However, in the event that the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Mark Manasse may be commenced against him, notwithstanding the expiration of the limitations period after Mark Manasse signs the agreement. Mark Manasse agrees to waive any statute of limitations with respect to any crime that would otherwise expire after Mark Manasse signs the agreement.

Sentencing

The violation of 21 U.S.C. § 846 to which Mark Manasse agrees to plead guilty carries a statutory maximum prison sentence of Life, a mandatory minimum sentence of 10 years, and a statutory maximum fine equal to the greatest of: (1) $10,000,000; or (2) twice the gross profits or other proceeds to Mark Manasse.

The sentence to be imposed upon Mark Manasse is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guidelines range may be found by the sentencing judge, or as to what sentence Mark Manasse ultimately will receive.

Further, in addition to imposing any other penalty on Mark Manasse, the sentencing judge: (1) will order Mark Manasse to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order Mark Manasse to pay restitution pursuant to 18 U.S.C. §§ 3663 et seq.; (3) may order Mark Manasse, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offense; (4) may deny Mark Manasse certain statutorily defined benefits, pursuant to 21 U.S.C. §§ 862 and 862a; and (5) pursuant to 21 U.S.C. § 841, must require Mark Manasse to serve a term of supervised release of at least five years, which will begin at the expiration of any term of imprisonment imposed. Should Mark Manasse be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Mark Manasse may be sentenced to not more than five years'

imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Rights of this Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Mark Manasse by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Mark Manasse's activities and relevant conduct with respect to this case.

Stipulations

This Office and Mark Manasse agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Mark Manasse from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Mark Manasse waive certain rights to file an appeal, collateral attack, writ or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

The defendant understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in his removal from the United States by making him deportable, excludable, or inadmissible, or end his naturalization. The defendant has consulted with counsel about the possible immigration consequences of his plea, and understands and is satisfied with counsel's advice. The defendant wants to plead guilty to the charged offense regardless of any immigration consequences of that plea, even if that plea may cause his removal from the United States. The defendant understands that he is bound by his guilty plea regardless of the immigration consequences of the plea. Accordingly, the defendant waives any and all challenges to his guilty plea and to his sentence based on those immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on the immigration consequences of his guilty plea.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Mark Manasse. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement), or any third party from initiating or prosecuting any civil proceeding against Mark Manasse.

No Other Promises

This agreement constitutes the plea agreement between Mark Manasse and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PAUL J. FISHMAN
United States Attorney

By: Michael H. Robertson
Assistant U.S. Attorney

APPROVED:

David E. Malagold, Chief
Organized Crime/Gangs Unit

I have received this letter from my attorney, Kathleen M. Theurer, Esq. I have read this letter. My attorney and I have discussed the letter and all of its provisions, including the provisions addressing the charge, sentencing, the stipulations, waiver, forfeiture, and immigration consequences. I understand the letter fully. I hereby accept the terms and conditions set forth in this letter and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____        Date: 12-27-12
Mark Manasse


I have discussed with my client this letter and all of its provisions, including the provisions addressing the charge(s), sentencing, the stipulations, waiver, forfeiture, and immigration consequences. My client understands the letter fully and wants to plead guilty pursuant to this plea agreement.


_____        Date: 12-27-12
Kathleen M. Theurer, Esq.

- 6 -

<u>Plea Agreement With Mark Manasse</u>

<u>Schedule A</u>

This Office and Mark Manasse agree to stipulate to the following facts:

  a. The offense involved at least 280 grams of cocaine base.

  1. In exchange for the undertakings made by the government in entering this plea agreement, the defendant voluntarily and expressly waives all rights to appeal or collaterally attack the defendant's conviction, sentence, or any other matter relating to this prosecution, whether such a right to appeal or collateral attack arises under 18 U.S.C. § 3742, 28 U.S.C. § 1291, 28 U.S.C. § 2255, or any other provision of law. Notwithstanding this waiver provision, the parties reserve any right they may have under 18 U.S.C. § 3742 to challenge any aspect of the sentence that falls outside of any applicable statutory minimum or maximum term of imprisonment, term of supervised release, or fine. The parties also reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category.